DA 07-0272

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2008 MT 147

IN RE THE CUSTODY AND
PARENTING PLAN OF B.C.B.W.,
      A Minor Child.

J.M.B.,

      Petitioner and Appellee,

   v.

J.W.,

      Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fifth Judicial District,<br>In and For the County of Beaverhead, Cause No. DR 06-12994<br>Honorable Loren Tucker, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Kristin West, D. Michael Eakin; Montana Legal Services Association
            Billings, Montana

      For Appellee:

            Thomas R. Scott, Attorney at Law, Dillon, Montana

Submitted on Briefs: January 23, 2008

Decided: April 29, 2008

Filed:

_____
                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     J.W. (Mother) appeals from an order of the Fifth Judicial District Court, Beaverhead County, transferring venue in this custody and parenting plan case to Gallatin County, the home county of J.M.B. (Father). We reverse and remand with instructions.

¶2     The issue on appeal is whether the District Court erred in transferring venue to Gallatin County.

## BACKGROUND

¶3     Mother and Father are the parents of B.C.B.W. (Daughter), who was born in 2002 and was four years old at the time the underlying case commenced. The parents never married, and Mother and Daughter lived in Billings, Yellowstone County, Montana, from the time of Daughter's birth. Father lived with them for several months and then moved to Bozeman, Gallatin County, Montana. Daughter's paternal grandmother, Denise, resides in Beaverhead County, Montana, and took Daughter there from Billings on December 5, 2006, apparently at Mother's request to facilitate her move to a new residence.

¶4     Father petitioned the District Court for custody of Daughter, and a parenting plan, on December 18, 2006, and filed his proposed parenting plan the same day. The petition alleged Daughter's residence was in Beaverhead County at that time. Father moved for temporary orders of custody and protection of Daughter the same day, and filed supporting affidavits alleging child abuse of Daughter by Mother. The District Court entered its temporary order of custody to Father on December 19, 2006.

¶5    On December 29, 2006, Mother moved for a change of venue to Yellowstone County and filed a supporting brief. She alleged that Daughter resided in Yellowstone County, neither of the parents lived in Beaverhead County and the facts upon which Father was seeking relief arose in Yellowstone County. The parties fully briefed the motion, and the District Court filed its Order Transferring Venue to Gallatin County, Father's county of residence, on March 13, 2007. Recognizing Father's acknowledgement that venue statutes required his petition to be heard in Yellowstone County, the court based its transfer of venue to Gallatin County on Father's allegations of child abuse. Mother appeals.

## STANDARD OF REVIEW

¶6    The determination of proper venue is a question of law involving the application of Montana's venue statutes to the pleaded facts. Our review of a district court's grant or denial of a motion to change venue is plenary; we merely determine whether the court's decision is legally correct. *Circle S Seeds of Montana, Inc. v. Montana Merchandising, Inc*, 2006 MT 311, ¶ 5, 335 Mont. 16, ¶ 5, 157 P.3d 671, ¶ 5 (citations omitted).

## DISCUSSION

¶7    *Did the District Court err in transferring venue to Gallatin County?*

¶8    Mother contends that, under §§ 25-2-118(3) and 40-4-211, MCA, Yellowstone County is the proper venue for Father's custody and parenting plan action. We agree.

¶9    "The proper place of trial for an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner or the respondent has resided during the 90 days preceding the filing of the action." Section 25-2-118(3), MCA. Under this general venue statute, if

Father's proceeding was brought under Title 40, chapter 4, both Gallatin and Yellowstone Counties would be proper places for trial. Father did not file in either of those counties and, however, as a result, he waived his right to have the matter tried in the county of his residence. *See* § 25-2-201(1), MCA; *Ford v. Montana Dept. of Fish, Wildlife and Parks*, 208 Mont. 132, 136, 676 P.2d 207, 209 (1984); *Seifert v. Gehle*, 133 Mont. 320, 322-23, 323 P.2d 269, 270 (1958). We conclude Mother was entitled to a change of venue to Yellowstone County pursuant to § 25-2-118(3), MCA.

¶10 More importantly, however, a specific venue statute exists with regard to venue in a parenting plan proceeding. Pursuant to § 40-4-211(4), MCA, a parenting plan proceeding must be initiated in the district court in the county where the child is permanently resident or found. Daughter was not permanently resident or permanently found in Beaverhead County, where Father filed his petition. Daughter permanently resided in Yellowstone County and was temporarily found in Beaverhead County in December of 2006.

¶11 In this latter regard, Father argues that § 40-4-211(4), MCA, is not the only specific venue statute applicable here. He asserts that his proceeding is a paternity proceeding in addition to a parenting procedure. He posits that the venue provision contained in § 40-6-109, MCA, applies. This contention is without merit and also otherwise flawed.

¶12 Section 40-6-109, MCA, is contained within Montana's Uniform Parentage Act (Act). *See* § 40-6-101, MCA. That Act governs the establishment of parent and child relationships outside of marriage, paternity proceedings and other matters relating to such relationships. *See generally* §§ 40-6-102 through -131, MCA. A person bringing a paternity action seeks a

4

judicial determination of the existence of the father and child relationship. *See* § 40-6-107, MCA.

¶13 Section 40-6-109(3), MCA, provides that an action brought under the Act may be brought in the county in which the child or the alleged father resides. The threshold question, therefore, is whether Father's petition was "brought under the Act." He cites to the first two paragraphs of his petition, but they provide no support for his position. Those paragraphs merely state that he is the natural father—and Mother is the natural mother—of Daughter, and go on to describe their respective ages, occupations, residence addresses and domiciles.

¶14 More tellingly, the caption of Father's petition is "In re the Custody and Parenting Plan of" Daughter. While the caption would not control the contents of the petition if the two were at odds, nothing in Father's petition supports his argument that this was a paternity action. Indeed, the relief sought is an award of primary care, custody and control of Daughter, a determination that Father's parenting plan is in Daughter's best interests and adoption of that plan, and a determination of child support. We are not persuaded that Father's petition was, even in part, a paternity action.

¶15 Even assuming *arguendo* that Father's petition sought a paternity determination, however, venue for such an action would be in Yellowstone County, where Daughter resides, or in Gallatin County, where Father resides. *See* § 40-6-109(3), MCA. He chose to file the petition in Beaverhead County, an improper county. Thus, § 25-2-201(1), MCA, *Ford* and *Seifert* again would entitle Mother to a change of venue to Yellowstone County.

5

¶16 Coming full circle, we return to the District Court's order transferring venue and observe that the order cites to not a single venue statute or other legal authority in support of its determination that the "proper venue is Father's home county [and t]hat county is Gallatin." The court's decision rested on its concern that Mother had not refuted Father's allegations of child abuse and that its primary goal was to protect the child by "not requiring the child to return to Mother's home in Yellowstone County." The District Court's concerns are understandable. However, they are not relevant to determining proper venue as a matter of law. Absent proper venue, the allegations of abuse and other matters pertinent to Father's petition cannot be addressed. Moreover, transferring venue of the proceeding to Yellowstone County would not have required returning Daughter to Mother's home in light of the District Court's award of temporary custody to Father.

¶17 Father advances here—as he did in the District Court—*Stoneman v. Drollinger*, 2003 MT 25, 314 Mont. 139, 64 P.3d 997, a case involving the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) which is found in Title 40, chapter 7 of the MCA. The issue in *Stoneman*—which had a long history in Montana courts—was whether the trial court erred in denying the former wife's motion to decline to exercise jurisdiction as an inconvenient forum under the UCCJEA. *Stoneman*, ¶ 2. The background included repeated guilty pleas to partner and family member assault by Stoneman, several court-issued orders of protection and violations thereof, and other determinations of violent behavior by Stoneman. *Stoneman*, ¶¶ 4, 27.

¶18     The trial court in *Stoneman* acknowledged the well-documented history of domestic violence, but denied the ex-wife's motion to decline jurisdiction in favor of Washington where she and the children had been living. It did not consider which forum could best protect them. *Stoneman*, ¶¶ 4, 30, 34. On appeal, we ultimately held—after considering all the UCCJEA factors—that Washington was the more appropriate forum for determining a visitation plan for Stoneman and the children. We directed the Montana trial court to decline jurisdiction as an inconvenient forum. *Stoneman*, ¶¶ 42-43.

¶19     *Stoneman* has no application here. In the present case, no violent or abusive conduct by Mother had been judicially determined in any court prior to her motion to change venue. Nor was the UCCJEA, a motion regarding jurisdiction or even a motion to change venue on *forum non conveniens* at issue.

¶20     We hold the District Court erred as a matter of law in transferring venue to Gallatin County and in denying Mother's motion to change venue to Yellowstone County. This case must be remanded to the Eighteenth Judicial District Court, Gallatin County, for the purpose of that court's immediate remand to the Fifth Judicial District Court, Beaverhead County. Upon the occurrence of that event, we direct the Beaverhead County District Court to immediately vacate its order transferring venue to Gallatin County, and to enter an order granting Mother's motion to change venue to Yellowstone County.

¶21     Reversed and remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

7

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER