FILED

January 27 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0460

DA 14-0460

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 19

IN RE THE PARENTING OF:
S.C.B.,

      A minor child.

MARY K. HOVLAND,

      Petitioner and Appellant,

   v.

SHAYNE SAYLOR and BROOK BURRINGTON,

      Respondents and Appellees.

| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DR 14-054 Honorable Robert B Allison, Presiding Judge |
|---|---|

COUNSEL OF RECORD:

      For Appellant:

            Marybeth M. Sampsel, Attorney at Law, Kalispell, Montana

      For Appellees:

            Shari M. Gianarelli, Jay B. Reno, Gianarelli & Reno, PLLC, Conrad, Montana

Submitted on Briefs: December 31, 2014
Decided: January 27, 2015

Filed:

_____
                       Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     This is an appeal from the decision of the Eleventh Judicial District Court in Flathead County ordering that the parenting plan proceeding for the minor child, S.C.B., be conducted in Hill County rather than Flathead County. We reverse and remand.

## ISSUE

¶2     Did the District Court err when it ordered a change of venue in this parenting plan proceeding?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     S.C.B. was born in 2006 to Brook Burrington and Shayne Saylor.[1] Burrington is petitioner Mary Hovland's daughter. According to affidavits submitted to the District Court, Burrington has allegedly suffered from alcohol and drug addiction for several years, beginning before S.C.B. was born, and continues to struggle with sobriety despite repeated attempts at rehabilitation paid for by Hovland. During most of S.C.B.'s life, Burrington and S.C.B. have lived with Hovland, who has financially supported both her daughter and her grandson. On occasion, Burrington has attempted to parent her son but because of her alcoholism and inability to retain employment, she and S.C.B. have remained dependent upon Hovland. Hovland states that she has parented S.C.B. for more than 7 years of his 7.5 year life, and during those years, Hovland resided in Flathead County.[2]

---

[1] Saylor relinquished his parental rights and is not participating in this proceeding.
[2] Burrington objects to any consideration of Hovland's affidavits that address the status of S.C.B. and her relationship with him, contending Hovland's allegations are unproven and cannot form the basis of a venue determination. However, the court may properly consider any affidavits filed in support of a motion where they are premised upon personal knowledge. Section 26-1-1002, MCA.

¶4     In December 2013, Burrington was convicted of her fourth DUI and sentenced to four years with the Department of Corrections (DOC), all suspended. In March 2014, Burrington moved with her son to Havre to live with her then-current boyfriend. Burrington and S.C.B. visited Hovland in Bigfork from May 20–25, 2014. Hovland claims that Burrington was intoxicated during most of the visit and drove while intoxicated with S.C.B. in the car. Despite Hovland's protests, Burrington returned to Havre with S.C.B. On May 28, 2014, Burrington's probation officer (PO) conducted a home visit and found Burrington to be severely intoxicated. The PO called the police and Burrington was arrested for violating her probation terms and detained in the Hill County Detention Center for 20 days.

¶5     Hovland was contacted and asked to pick the child up in Havre. She and S.C.B. returned to Bigfork where S.C.B. was re-enrolled in his previous school. On June 18, 2014, Hovland filed a Petition in Flathead County to establish a parenting plan in which she requested that she be designated as S.C.B.'s primary care provider. She also moved for a restraining order against her daughter and for an interim parenting plan. On June 25, 2014, while Hovland's motions were pending, Burrington filed a Motion for Change of Venue seeking to transfer the proceeding to Hill County where she resided. Hovland challenged the motion.

¶6     The District Court in Flathead County conducted a hearing on Hovland's TRO/Interim Parenting Plan motion on June 27 and declined to rule on the motions pending a determination on venue. The court stated, however, that S.C.B. was to remain with Hovland until venue was decided and a hearing was conducted. On July 3, 2014,

the District Court granted Burrington's motion for a venue change and transferred the proceeding to the Twelfth Judicial District Court in Hill County. The court again instructed that S.C.B. remain with Hovland "until further order." Hovland appeals the District Court's ruling on venue. We reverse and remand.

## STANDARD OF REVIEW

¶7 The determination of proper venue is a question of law involving the application of Montana's venue statutes to the pleaded facts. Our review of a district court's grant or denial of a motion to change venue is plenary; we merely determine whether the court's decision is legally correct. *J.M.B. v. J.W.* (*In re B.C.B.W.*), 2008 MT 147, ¶ 6, 343 Mont. 215, 185 P.3d 327.

## DISCUSSION

¶8 *Did the District Court err when it ordered a change of venue in this parenting plan proceeding?*

¶9 Section 40-4-211, MCA, governs jurisdiction for the commencement of a parenting proceeding. Section 40-4-211(4)(b), MCA, provides that a parenting proceeding initiated "by a person other than a parent if the person has established a child-parent relationship with the child" must be filed "in the county in which the child resides or is found." After acknowledging the applicability of § 40-4-211, MCA, the District Court noted that § 25-2-201, MCA, allows a district court to change venue on motion if the county designated in the complaint is not the proper venue. It then turned to § 1-1-215, MCA, to determine the residence of an unmarried minor child, and concluded that such residence is the residence of the parent having legal custody. Based upon this

4

analysis, the District Court concluded Hill County was the proper venue and Flathead County was an improper venue. The court therefore granted Burrington's motion.

¶10   We first address the District Court's reliance on § 1-1-215, MCA. Section 1-1-215, MCA, sets forth the rules for determining residence under general circumstances, and may properly be considered in determining the residence of a child. However, § 40-4-211, MCA, specifically addresses proper venue in a parenting proceeding based upon the location of the parties involved, and its provisions must therefore be considered in this parenting action.

¶11   Section 40-4-211(4)(b), MCA, is neither ambiguous nor confusing. It clearly states that a non-parent with a parent-child relationship with the child can initiate a parenting proceeding in the county where the child resides or is "found." The statute is framed in the alternative; therefore, even if S.C.B.'s residence could be deemed to be with his mother pursuant to § 1-1-215, MCA, the fact that he was "found" in Flathead County is sufficient to confer venue. That S.C.B. was actually "found" in Flathead County at the time Hovland filed her petition is further underscored by the District Court's orders directing that the status quo would remain in effect pending a decision on venue, meaning S.C.B. would remain in place with Hovland until further notice.

¶12   Under § 25-2-115, MCA, where there are multiple proper counties for a proceeding, if the party initiating the proceeding brings the action in a proper county "no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county . . . ." Even if Hill County could be considered S.C.B.'s residence and therefore a proper county for venue purposes, so too was Flathead County,

5

as S.C.B. was undisputedly "found" there. This being so, there were two proper counties in which the parenting proceeding could have been commenced. Under § 25-2-115, MCA, therefore, it was error for the District Court to grant a change of venue.

¶13 Finally, Burrington argues that Hovland lacks standing to bring this action because Hovland has not established a parenting relationship with S.C.B. We need not address this argument other than to observe that Burrington did not raise it in the District Court and in any event, determination of such a relationship is a factor to be decided by the District Court in the pending parenting proceeding. For purposes of determining the propriety of venue, there is sufficient prima facie evidence of a parent-child relationship between Hovland and S.C.B.

## CONCLUSION

¶14 For the foregoing reasons, we reverse the District Court's change of venue order and remand this case to District Court in Flathead County for further proceedings.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

6