FILED

May 24 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0637

DA 15-0637

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 120

IN RE THE PARENTING OF C.M.R.,

a minor child,

RAY RAMBERG,

Petitioner and Appellant,

v.

AMBER MASSEY,

Respondent and Appellee.

APPEAL FROM:     District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DR-11-002
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jamie N. Bedwell, Bosch, Kuhr, Dugdale, Martin & Kaze PLLP,
Missoula, Montana

For Appellee:

Shari M. Gianarelli, Jay B. Reno, Gianarelli & Reno PLLC,
Conrad, Montana

Submitted on Briefs:  April 6, 2016

Decided:  May 24, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1  Ray Ramberg appeals the orders from the Ninth Judicial District Court, Toole County, dismissing his motion to modify the parenting plan regarding his child ("C.M.R.") with Amber Massey, and denying his motion to change venue from Toole County to Hill County.  We affirm.

¶2  Ramberg raises three issues on appeal:

¶3  *Issue One:  Did the District Court err in denying Appellant's motion to change venue?*

¶4  *Issue Two:  Did the District Court err in granting Appellee's motion to dismiss the modification of the parenting plan?*

¶5  *Issue Three:  Did the District Court violate Appellant's due process right?*

## BACKGROUND

¶6  C.M.R. was born in November 2009 to Ray Ramberg ("Ramberg") and Amber Massey ("Massey").  Ramberg and Massey were never married but they lived together in Shelby, Toole County, until May 2010 when they separated.  Massey has been the primary care provider for C.M.R.  Since early 2011, Ramberg and Massey have litigated the terms of parenting plans to accommodate for the different needs of C.M.R. as the child grew older.  After several changes requiring mediation and litigation in 2011, 2012, and 2014, Ramberg and Massey signed a mediated parenting plan on February 17, 2015, which is the basis of this appeal.

¶7  C.M.R. had lived his entire life in Toole County, but in April of 2015, Massey accepted a job in Havre, Hill County, which was closer to Ramberg's current residence in

Chinook. Massey moved to Havre with C.M.R. The move facilitated Ramberg's contact with C.M.R. However, shortly thereafter, Massey received another job offer that was more lucrative from her former employer in Shelby. Thus, Massey and C.M.R. moved back to Shelby at the end of August 2015 after living in Havre for three and one-half months. Upon learning about Massey's plan to move back to Shelby, Ramberg petitioned to modify the mediated Parenting Plan. Ramberg also filed a motion to change venue to Hill County, which was denied. The petition for modification of the Parenting Plan was dismissed without a hearing. This appeal followed.

## STANDARD OF REVIEW

¶8 The determination of proper venue in parenting cases involves the application of Montana's venue statutes to the pleaded facts. We review a district court's grant or denial of a motion to change venue for legal correctness. *Hovland v. Saylor (In re Parenting of S.C.B.)*, 2015 MT 19, ¶ 7, 378 Mont. 89, 342 P.3d 46 (citing *J.M.B. v. J.W. (In re B.C.B.W.)*, 2008 MT 147, ¶ 6, 343 Mont. 215, 185 P.3d 327). The findings of fact underlying a parenting plan modification are reviewed for clear error. *In re D'Alton*, 2009 MT 184, ¶ 7, 351 Mont. 51, 209 P.3d 251 (citing *In re Marriage of Oehlke*, 2002 MT 79, ¶ 9, 309 Mont. 254, 46 P.3d 49). If the underlying facts are not clearly erroneous we will only overturn the district court if there is a clear abuse of discretion. *Marriage of Oehlke*, ¶ 9.

¶9 A district court exercises its discretion when it assesses the merits of changing venue based on the convenience of the witnesses and the ends of justice and we will not

"disturb the court's decision absent a clear abuse of that discretion." *In re Marriage of Lockman*, 266 Mont. 194, 201, 879 P.2d 710, 715 (1994).

## DISCUSSION

¶10 *Issue One: Did the District Court err in denying Appellant's motion to change venue?*

¶11 Ramberg argues on appeal that the District Court committed reversible error when it denied the motion to change venue. Parenting Plan proceedings are commenced "in the county in which the child is a permanent resident or found." Section 40-4-211(4)(a)(ii), MCA. Further, a district court's jurisdiction over parenting matters is continuing in nature. *Marez v. Marshall*, 2014 MT 333, ¶ 26, 377 Mont. 304, 340 P.3d 520.

¶12 Here, Ramberg submits that C.M.R. became a permanent resident of Hill County after temporarily residing in Havre for about three months. He asserts that venue should be changed to Hill County for the convenience of witnesses citing § 25-2-201(3), MCA. That section requires the court to change the place of trial when convenience of the witnesses and the ends of justice would be promoted by the change. Clearly that determination is a matter of discretion for the district court.

¶13 C.M.R. has, other than a three-and-one-half-month period, spent his entire life in Toole County residing with his mother and her extended family. Furthermore, the entire history of the Parenting Plan litigation occurred in Toole County District Court. In contrast, Ramberg and his family do not live in the county in which Ramberg seeks venue. Given the facts and circumstances of this case we cannot conclude it was error to

4

deny the motion to change venue when "virtually all evidence as to C.M.R.'s best interest remains in Toole County."

¶14 *Issue Two: Did the District Court err in granting Appellee's motion to dismiss the modification of the Parenting Plan?*

¶15 Ramberg argues that the District Court was clearly erroneous in finding that there was an insufficient change of circumstances to warrant a modification of the Parenting Plan. The parent seeking to modify a Parenting Plan must comply with the statutory criteria outlined in § 40-4-219(1), MCA:

> The court may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.

¶16 The party seeking to amend the Parenting Plan must also file affidavit(s) to show sufficient cause for modification. Section 40-4-220(1), MCA. Pursuant to § 40-4-219(1), MCA, the court is compelled to deny a motion for modifying the Parenting Plan "unless it finds adequate cause for hearing the motion [as] established by the affidavits based on the best interests of the child." Section 40-4-220(1) MCA; *D'Alton*, ¶ 9.

¶17 Ramberg argues that C.M.R.'s move to Havre with his mother for a little over three months is sufficient to compel the District Court to conduct a hearing on the merits of these changes and modify the Parenting Plan. Ramberg cites *Sian v. Kooyer* for the proposition that a party need only make a prima facie showing of a change of circumstances in order to trigger a hearing. 2010 MT 178, ¶ 11, 357 Mont. 215, 239 P.3d 121. However, in *Sian* the father had become disabled, moved out-of-state, and could no

5

longer work. *Sian,* ¶ 3. We held those facts were sufficient to constitute a prima facie showing of changed circumstances.

¶18 Ramberg further argues that Massey moved from her home in Shelby to live with her mother and that is sufficient to find a change of circumstances. *In re Marriage of Burk,* 2002 MT 173, ¶ 10, 310 Mont. 498, 51 P.3d 1149). However, the facts of that case show that the father had essentially moved away from the children and given them to his parents to raise them on a daily basis. *Marriage of Burk,* ¶ 7. Although Massey moved in with her mother she has not stopped parenting C.M.R., nor has she ceased to be his primary provider. The record shows that Massey's change of employment and residence were motivated to provide a more financially stable life for C.M.R.

¶19 Here, Ramberg cannot demonstrate how C.M.R's move to Havre adversely affected his right to spend time with C.M.R. in accord with Parenting Plan. During C.M.R.'s stay in Havre, Ramberg had more opportunity to spend time with his child outside the parameters of the Parenting Plan simply as a function of distance. The affidavits show that it was convenient for Ramberg to have his child living closer to his home in Chinook, but they do not demonstrate how C.M.R.'s return to his home in Shelby adversely affected the child's best interest, which is the central element in analyzing the necessity of an amendment to the Parenting Plan. Section 40-4-219(1), MCA. Ultimately, it is the District Court's discretion under the statute to make a decision based on whether the terms of the Parenting Plan have been compromised and based on the best interest of the child. *D'Alton,* ¶¶ 10-11. Further, we have long held that a party that seeks to modify a parenting plan, "carries a heavy burden of proof."

*D'Alton*, ¶ 11 (citing *Marriage of Oehlke*, ¶ 17). As the District Court noted, C.M.R.'s move to Havre provided an opportunity for Ramberg to spend additional time with his son. However, based on the affidavits and the record we cannot conclude that the District Court was clearly erroneous in finding that the move back to Shelby was an insufficient change in circumstances that created an obligation to modify the Parenting Plan.

¶20 *Issue Three: Did the District court violate Appellant's due process right?*

¶21 Ramberg contends that the District Court violated his procedural due process right because the court did not conduct a hearing on the merits of his motion to amend the Parenting Plan. In Montana, "No person shall be deprived of life, liberty, or property without due process of law." Mont. Const. art. II, § 17.

¶22 The District Court is obliged by statute to assess the sufficiency of the assertion of changed circumstances: "[t]he court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, based on the best interests of the child." Section 40-4-220(1), MCA. Here the essential facts were not in dispute. The court assessed the affidavits and followed the statutory requirements and did not find that Ramberg had met the "heavy burden" to show a change in circumstances. *Marriage of Oehlke*, ¶ 17. The Court followed the appropriate procedure and gave sufficient notice and opportunity to be heard. *In re Marriage of Stevens*, 2011 MT 124, ¶ 18, 360 Mont. 494, 255 P.3d 154. Ramberg's constitutional right to due process was not violated.

¶23 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE