FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0248

DA 20-0248

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 315N

IN RE THE PARENTING OF;

A.K.,

    Minor Child.

ANDREW JASON KOBER,

       Petitioner and Appellee,

   and

SAVANNAH MARIE SPRINGFIELD,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 18-1182
Honorable Colette B. Davies, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Savannah Marie Springfield, Self-represented, Lodge Grass, Montana

       For Appellee:

          Andrew Jason Kober, Self-represented, Billings, Montana

Submitted on Briefs:  November 12, 2020

Decided:  December 15, 2020

Filed:

                           _____
                                     Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Respondent and Appellant Savannah M. Springfield (Savannah) appeals from the January 28, 2020 Order Denying Respondent's Motion for Change of Venue issued by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3 Savannah and Petitioner and Appellee Andrew Kober (Andrew) are A.K.'s parents. On October 29, 2018, Savannah and Andrew filed a Joint Petition for Parenting Plan together with their Agreed Proposed Parenting Plan. In their Joint Petition, they asserted they were both residing in Billings and that their child, A.K., also resided in Billings on a primary basis with Andrew. Savannah and Andrew appeared at hearing on November 7, 2018, were sworn, and provided testimony stipulating to their Agreed Proposed Parenting Plan. At the close of their testimony, Standing Master Lafrentz entered the Findings of Fact, Conclusions of Law and Final Decree Establishing Permanent Parenting Plan, which adopted the parties' Agreed Proposed Parenting plan as the final parenting plan. That plan provided for A.K. to continue to reside on a primary basis with Andrew in Billings, designated Andrew as the custodial parent, and provided for Andrew to be the sole decision maker regarding major decisions for A.K., including decisions relating to her education, non-emergency health care, spiritual development, and extra-curricular activities.

2

¶4 Nearly a year later, on September 13, 2019, Savannah filed a [Motion for] Change of Venue in which she sought to transfer the cause to the Crow Tribal Court purportedly based on the Indian Child Welfare Act (ICWA). She asserted A.K. resided with her but was removed from her care on August 23, 2019, by Big Horn County deputies and Bureau of Indian Affairs officers. Andrew filed a response on October 19, 2019, objecting to any change of venue and asserting A.K. had never resided with Savannah, had resided on a primary basis with him, and was enrolled in and attending school at the Lockwood Primary School in Billings. Savannah filed a Change of Venue 2nd Request on November 29, 2019, again asserting ICWA as the basis for her request.

¶5 The District Court entered its Order Denying Respondent's Motion for Change of Venue on January 28, 2020. The District Court recognized Savannah's reliance on the ICWA in conjunction with her request to change venue and also noted the parties disputed whether A.K. was an Indian child. For purposes of determination of Savannah's motion, the District Court assumed both Savannah and A.K. to be members of the Crow Tribe, such that A.K. would be considered an Indian child for ICWA purposes. The District Court thoroughly analyzed application of the Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA) and its interplay with the ICWA. The court noted the primary purpose of the UCCJEA is to vest ongoing jurisdiction with one court to avoid litigant forum shopping in child custody proceedings. The District Court further explained,

> ICWA expressly excludes from its definition of "child custody proceedings" custody determinations made pursuant to dissolution proceedings. [*In re*

---

[1] The District Court referenced the UCCJEA as the UCCJA.

*Marriage of Skillen*, 1998 MT 43,] ¶ 34[, 287 Mont. 399, 956 P.2d 1, *overruled, in part, on other grounds by Big Spring v. Conway*, 2011 MT 109, ¶ 45, 360 Mont. 370, 255 P.3d 121]. All the same, "[d]espite the ICWA's nonapplication to dissolution-based custody disputes," the Montana Supreme Court has "recognize[d] that the tribal court's experience and abilities in these areas are inherent advantages over state courts and remain as such when the custody matter before a tribal court happens to occur pursuant to a marriage dissolution." [*Skillen*,] at ¶ 39. Thus, "Congress declared through the ICWA that a custody determination by the tribal court is unequivocally in the best interests of the child *when the child resides on Indian land.*" [*Skillen*,] at ¶ 36 (emphasis added). In other words, ICWA provides strong policy considerations for deciding custody disputes in tribal court when the child resides on Indian land with one of the parents. However, it is not binding to a State Court that properly exercised jurisdiction in the initial determination.

The District Court noted that at the time they filed their Joint Petition for Parenting Plan, Savannah and Andrew both represented, under oath, that they along with A.K. resided in Billings—which is clearly not on Indian land—and it was more than ten months after entry of the final parenting plan that Savannah sought transfer to Crow Tribal Court. The District Court concluded it had initial jurisdiction and the ICWA did not require transfer of jurisdiction to tribal court as it expressly excludes custody determination made pursuant to domestic relations proceedings from its definition of "child custody proceedings." As such, the District Court denied Savannah's motion to change venue and determined it was appropriate for jurisdiction to remain with the Thirteenth Judicial District Court, Yellowstone County, where Andrew and A.K. reside.

¶6 We review a district court's denial of a motion to change venue for legal correctness. *Ramberg v. Massey (In re C.M.R.)*, 2016 MT 120, ¶ 8, 383 Mont. 398, 372 P.3d 1275 (citation omitted).

4

¶7     We conclude the District Court's denial of Savannah's motion to change venue was legally correct.  Under the UCCJEA, the Thirteenth Judicial District Court, Yellowstone County, had initial jurisdiction to determine custody and parenting issues and such jurisdiction is not defeated by the ICWA as domestic relations proceedings are excluded from the ICWA's definition of "child custody proceedings."  *See* 25 U.S.C. § 1903(1).  The record establishes that, at all relevant times, A.K. together with one or both of her parents have resided in Billings, outside the boundaries of Indian land.[2]   The District Court was correct in determining the Thirteenth Judicial District Court, Yellowstone County, retains continuing jurisdiction over parenting issues and correctly denied Savannah's motion to change venue.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

---

[2] We do reiterate though, as we did in *Skillen*, that Congress has declared through the ICWA that a custody determination by the tribal court is unequivocally in the best interests of the child when the child resides on Indian land.  *See Skillen*, ¶ 36 (citing 25 U.S.C. § 1911(a)).