DA 24-0742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 247N

FILED

10/28/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0742

IN RE THE MARRIAGE OF

MATTHEW THOMAS BASQUE,

     Petitioner and Appellant,

  and

GINA ALICIA BASQUE,

     Respondent and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 22-1116
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Matthew Thomas Basque, Self-Represented, Shelby, Montana

     For Appellee:

        Jill Deanne LaRance, LaRance Law Firm, P.C., Billings, Montana

Submitted on Briefs:  July 9, 2025

Decided:  October 28, 2025

Filed:

_____
Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew and Gina Basque were previously married and have two children. On October 27, 2022, Matthew filed a Petition for Dissolution of Marriage in the Thirteenth Judicial District Court in Yellowstone County. At the time, both parties resided in Billings. Subsequently, Gina moved to Missoula County. We affirm.

¶3 On May 9, 2023, the Yellowstone County District Court entered a final decree for dissolution with a stipulated final parenting plan. When a later dispute arose around the parenting plan, Matthew filed a motion for contempt, which was denied on March 6, 2024. On July 2, 2024, Gina also filed a motion for contempt against Matthew. Soon after, Lyndon Scheveck, Matthew's attorney at the time, filed a motion to withdraw, claiming a conflict of interest arose after he hired a paralegal who worked at Gina's attorney's firm. The hearing on Gina's contempt motion was delayed. The court held a hearing on the withdrawal motion. The court admonished the attorney for his failure to screen the conflict and adhere to his duty to his client. The court granted the motion to withdraw on October 25, 2024, and Matthew proceeded pro se.

¶4 Before a hearing on Gina's contempt motion took place, Matthew moved to Ravalli County, at which point neither party resided in Yellowstone County. On October 25, 2024, Matthew filed a motion for change of venue. He was seeking to change the venue to Missoula County, the county where Gina resides. Matthew also noted he found an attorney to represent him in Missoula County, but the attorney could not represent him in Yellowstone County due to the distance.

¶5 The District Court, relying on § 25-2-201(3), MCA, denied the motion to change venue. The court found a change of venue would be inappropriate because it would require Gina to secure a new attorney in Missoula, who would have to become acquainted with the long history of the case. Additionally, the court concluded a Zoom appearance would be an adequate remedy for the convenience of witnesses. Thus, the District Court held neither convenience of the witnesses nor the ends of justice would be promoted by the change in venue, as the court was "in the best position to decide if Matthew has failed to obey an order of this Court."

¶6 Matthew now appeals the court's denial of the motion to change venue.[1] We review a district court's denial of change of venue for abuse of discretion. *In re Marriage of Lockman*, 266 Mont. 194, 201, 879 P.2d 710, 715 (1994).

---

[1] At the time Matthew appealed the court's order, the case was still ongoing. We have previously held a "discretionary decision made pursuant to § 25-2-201(3), MCA, is not subject to interlocutory appeal." *BNSF Ry. Co. v. State ex rel. Dep't of Env't Quality*, 2010 MT 46, ¶ 11, 355 Mont. 296, 228 P.3d 1115 (citing *State v. Pegasus Gold Corp.*, 270 Mont. 32, 38–39, 889 P.2d 1197, 1201 (1995)); *see also* M. R. App. P. 6(3)(f) (A party may appeal "from an order granting or denying a motion to change venue on the basis that the county designated in the complaint is not the proper county"). As neither party has raised the issue of the order's appealability, and the District Court case is now concluded, we do not address the issue sua sponte.

¶7 At the District Court, Matthew argued for the change of venue and Gina opposed it. Both parties invoked § 25-2-201, MCA, the general change of venue statute.[2] It provides:

> The court or judge must, on motion, change the place of trial in the following cases:
> (1) when the county designated in the complaint is not the proper county;
> (2) when there is reason to believe that an impartial trial cannot be had therein; [or]
> (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

Section 25-2-201, MCA.

¶8 However, since *Billings*, we have held, under the Uniform Marriage and Divorce Act (UMDC), a district court has continuing jurisdiction in matters of child custody. *Billings*, 189 Mont. at 522, 616 P.2d at 1105. In *In re B.C.B.W.*, 2008 MT 147, 343 Mont. 215, 185 P.3d 327—a parenting plan case between parties who had never married—we reversed the district court when it transferred venue under §§ 25-2-118(3) and 40-4-211, MCA. Additionally, we noted, "More importantly, however, a specific venue statute exists with regard to venue in a parenting plan proceeding. Pursuant to § 40-4-211(4), MCA, a parenting plan proceeding must be initiated in the district court in the county where the child is permanently resident or found." *In re B.C.B.W.*, ¶ 10; *see also In re S.C.B.*, 2015 MT 19, ¶¶ 9–11, 378 Mont. 89, 342 P.3d 46 (noting that § 40-4-211, MCA, "governs jurisdiction for the commencement of a parenting proceeding"). Under the *Billings* rule, the court was empowered to deny the motion to change venue because Matthew initially filed the dissolution proceeding in Yellowstone County, and the District Court retained

---

[2] On appeal, Gina argues the District Court has continuing jurisdiction under our holding in *Billings v. Billings*, 189 Mont. 520, 522, 616 P.2d 1104, 1105 (1980), as explained below.

jurisdiction over the matter. *Billings*, 189 Mont. at 522, 616 P.2d at 1105. The purpose of a single court retaining jurisdiction over a parenting matter is obvious. We held in *In Re Marriage of Toavs*, when affirming an order denying substitution of the district court judge, "after jurisdiction attaches in a custody dispute, it is important that jurisdiction be retained to ensure continuity, stability and the best interests of the child." 2002 MT 230, ¶ 20, 311 Mont. 455, 56 P.3d 356.

¶9     We do not reach a holding on which transfer of venue statute applies to dissolution of marriage proceedings. First, neither party raised the *Billings* rule in the District Court.[3] But, even if analyzed under the general venue statute, which the parties argued at the trial court, the District Court did not abuse its discretion when it balanced the unique circumstances of the case to conclude a change of venue would be inappropriate.

¶10     First, at the time of the motion for change of venue, after three years of proceedings, the only matter for the court to decide was Gina's motion for contempt against Matthew. In her motion, Gina alleged Matthew failed to comply with the stipulated parenting plan issued by the District Court. Having presided over the entire matter since its inception in 2022, the District Court was uniquely positioned to rule on this final motion. "Ends of justice" would be promoted by denying a change of venue.

¶11     Additionally, as the District Court explained, accommodations can be made for parties and witnesses. While all the parties and witnesses resided in Missoula and Ravalli counties, the convenience to the parties would only be marginally promoted by the change

---

[3] In his briefing, Matthew, who appears pro se, does not address the *Billings* rule or Gina's possible waiver of this argument.

in venue. This benefit was significantly outweighed by maintaining the case in Yellowstone County.

¶12 Matthew notes the court held convenience of the parties and witnesses can be accommodated through a Zoom hearing, but the court subsequently denied a request for a Zoom hearing. As a result of this denial, Matthew states four witnesses were unable to testify because of the length of the commute. It was not Matthew, but Gina, who requested the Zoom appearance. And in her motion, Gina stated Matthew objected to the Zoom appearance. Matthew did not otherwise request a Zoom hearing for his own witnesses or inform the court he did not object to Gina's motion. Matthew cannot use his subsequent objection to now argue the court erred by denying his motion to change venue. His four witnesses' inability to testify was a self-inflicted injury by Matthew.

¶13 We review discretionary court rulings, including administration issues and evidentiary rulings, for abuse of discretion. *In re L.S.*, 2009 MT 83, ¶ 18, 349 Mont. 518, 204 P.3d 707. This includes whether to allow remote appearance. The court did not abuse its discretion by subsequently denying a Zoom hearing.

¶14 We acknowledge Matthew's difficulties in securing counsel can be frustrating, but we are unwilling to conclude the court's reference to Matthew's revolving door of counsel—compared to his wife's single attorney—constituted inappropriate favoritism. The District Court went to great lengths to ensure Matthew was receiving appropriate representation when it admonished his prior counsel for "a very cavalier attitude about conflicts of interest." Based on the record of the case, we hold the court did not abuse its discretion by denying Matthew's motion to change venue. We affirm.

6

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

Justice Laurie McKinnon, specially concurring.

¶16 I disagree that we should evaluate the District Court's decision based on § 25-2-201, MCA, when we also declare the general venue statute inapplicable to these proceedings. We examine the record independent of the trial court's decisions and "will affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason." *State v. Marcial*, 2013 MT 242, ¶ 10, 371 Mont. 348, 308 P.3d 69. In child custody proceedings, it is well established that continuing jurisdiction is vested in the original trial judge. *Billings*, 189 Mont. at 522, 616 P.2d at 1105. Here, while the court applied an incorrect venue statute, it determined it was in the best position to decide the issue because of the "long, complicated history of which the Court is very familiar"—the very reasoning underlying *Billings*. Thus, I would affirm the District Court on this basis and not repeat the District Court's error in our own analysis.

/S/ LAURIE McKINNON

7