No.   93-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

CLEM R. LOCKMAN,

     Petitioner and Respondent,

  and

LORNA G. LOCKMAN,

     Respondent and Appellant.



FILED

AUG 16 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt,
               The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Patricia Jensen, Rice Law Office,
          Havre, Montana

     For Respondent:

          Laura Christoffersen, Christoffersen & Knierim,
          Wolf Point, Montana


                  Submitted on Briefs:   April 7, 1994

                           Decided:   August 16, 1994

Filed:

_____
          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Respondent/appellant, Lorna G. Lockman, appeals from an order of the Fifteenth Judicial District Court, Roosevelt County, modifying the original custody arrangement by awarding petitioner/respondent, Clem R. Lockman, primary physical custody of the parties' three youngest children, and adopting Clem's proposed findings of fact, conclusions of law, and order. Lorna also appeals the court's denial of her motion to change venue.

Affirmed.

Appellant raises the following issues:

1. Did the District Court err when it modified primary physical custody of the parties' three youngest children?

2. Did the District Court err when it adopted Clem's findings of fact, conclusions of law, and order verbatim?

3. Did the District Court err when it denied Lorna's motion to change venue?

The parties' marriage was dissolved on June 20, 1989. They have five children, three from the marriage, and the youngest twin boys, who are Lorna's biological children. Clem has paid child support for all five children since the dissolution. At dissolution, the parties were awarded joint custody, and Lorna was designated primary physical custodian of all the children. Clem was granted visitation rights. After the dissolution, Lorna and the five children resided in Havre, Hill County. Lorna has attended Northern Montana College in Havre, and recently received a bachelor's degree, and was seeking employment at the time of this

2

appeal. Clem lives near Poplar in Roosevelt County, where he has farmed for 16 years. The court found that the parties had difficulty scheduling visitation because of their irascible relationship, and Lorna's requests and refusal to cooperate with Clem on visitation, and her influence over the oldest children.

On July 6, 1992, Lorna filed a motion to change venue of "the case" to Hill County stating that she intended to file a visitation modification petition. On July 31, 1992, the District Court denied the motion on the grounds that no action was pending, but stated that it would reconsider whether change of venue was appropriate if Lorna filed a petition. On September 2, 1992, Lorna filed a petition and affidavit to modify Clem's visitation and child support, and also filed a motion for reconsideration of her prior motion to change venue. On September 17, 1992, Clem filed a motion to dismiss Lorna's petition for modification. A hearing was set on the motions for March 10, 1993, then eventually reset for August 20, 1993. On March 18, 1993, Clem filed a petition to modify custody and visitation, asking that the court award him primary physical custody of the parties' children, or in the alternative, to modify the visitation provisions of the decree so as to assist the parties in reaching agreements regarding visitation. On March 23, 1993, Clem also filed a petition to modify his support obligations to exclude the oldest daughter who had moved out of Lorna's home. On April 7, 1993, Lorna responded to Clem's motions to modify custody, visitation, and child support, stating that the oldest daughter still resided with her, and asking

3

the court to increase child support, pursuant to the child support guidelines. On May 13, 1993, the District Court denied Lorna's motion to change venue to Hill County. On May 17, 1993, Lorna filed a motion that the court reconsider its order denying her motion to change venue. On May 24, 1993, the court denied her motion to reconsider.

On August 20, 1993, a hearing was held in Roosevelt County on the parties' petitions. The court interviewed the children as a group to determine with which parent each child wished to live. Then the court privately interviewed each child in chambers on the same question. In its findings of fact, conclusions of law, and order of August 31, 1993, the District Court affirmed joint custody of the five children to the parties. However, the court modified the custody arrangement from the prior decree of dissolution, granting Clem primary physical custody of the three youngest children. Lorna was granted visitation rights to the three youngest children, and remained primary physical custodian of the two daughters who were both seniors at the Havre high school. The court granted each party reasonable visitation rights of the children who were not in their primary physical custody. At the time of the hearing, Clem had exercised all visitation to which he was entitled with the three youngest children and was current in his financial obligations to them.

On September 2, 1993, Lorna appealed to this Court.

## ISSUE 1

Did the District Court err when it modified primary physical custody of the parties' three youngest children?

Lorna contends that when the District Court modified primary physical custody of the three youngest children, it failed to comply with the statutory requirements of §§ 40-4-224(2) or -212(1), MCA, and therefore, committed reversible error. Specifically, Lorna argues that the court did not make specific findings on the children's best interests when modifying the custody arrangement. Lorna asserts that the court failed to: (1) follow the children's wishes; (2) consider the children's interaction with her, their siblings, or Lorna's male companion; (3) consider the children's adjustment to Lorna's home in Havre, their school, and the Havre community; (4) preserve the family as a unit; and (5) maximize finality of custody to insure continuity and stability of the children. In short, Lorna concludes that the court failed to consider the children's best interests in the custody arrangement.

We have long held that an award of custody is a matter of discretion for the trial court. Custody of N.T.E. (1987), 227 Mont. 396, 398, 739 P.2d 485, 487. In addition, we will overturn a court's award of custody only for an abuse of that discretion. In re Marriage of Speer (1982), 201 Mont. 418, 421, 654 P.2d 1001, 1002-03.

We recently held that the lower court must consider the substance of the custody change sought by the moving party when

5

determining whether the jurisdictional prerequisites of § 40-4-212 or § 40-4-219, MCA, should apply. In re Marriage of Johnson (Mont. August 12, 1994), No. 93-384, slip op. See also In re Marriage of Stephenson (1988), 230 Mont. 439, 750 P.2d 1073; In re Marriage of Gahm (1986), 222 Mont. 300, 722 P.2d 1138. In Johnson, for purposes of clarification, we said that:

> Motions or petitions to modify a sole custody provision or terminate a joint custody provision must satisfy the jurisdictional prerequisites set forth in § 40-2-219, MCA. Likewise, a motion or petition to modify child custody provisions in a dissolution decree which have the effect of substantially changing the primary residence of the parties' children, even though the formal designation of "joint custody" is retained, are to be construed as motions or petitions to terminate joint custody and must satisfy the jurisdictional requirements set forth in § 40-4-219. Any effort to modify the physical custody arrangements in a decree which provided for joint custody, which does not seek a substantial change in the children's primary residence, may be considered by the district court according to the best interest standard set forth in § 40-4-212, MCA. [Emphasis added].

Johnson, No. 93-384, slip op. at 12-13.

We conclude that the custody modification sought by Clem in the District Court amounted to a termination of the parties' joint custody of the three minor children, because it substantially changed the primary residence of the parties' three minor children. The District Court should have applied the jurisdictional prerequisites in § -219, MCA. However, in the hearing below, and on appeal, Lorna did not raise the issue that the District Court incorrectly applied the standard set forth in § -212. We will not fault the court for its application of the § -212 standard where the injured party does not raise the issue, and in fact, agreed

6

with Clem on appeal that the court applied the correct standard. We will review the sufficiency of the evidence in support of the court's findings of fact, conclusions of law, and order pursuant to the standard in § -212 as applied.

Our review of the findings of fact, conclusions of law, and order shows that the District Court met the standards of Johnson that there was a substantial change of the primary residence of the three children.

The court questioned the children as to where each child preferred to live. The court questioned them as a group and as individuals privately in chambers. All the children expressed a desire to stay together. However, while the girls and one of the twins expressed their desire to live with their mother, the oldest boy and one of the twins expressed the wish to live with their father in Poplar. At the court's inquiry, these two boys agreed to an arrangement to remain in Havre with the other children until the following year in order to think about the question for a year. The court was not required to follow the children's wishes, but rather only consider those wishes. The court found that the children have friends and family connections in both Poplar and Havre.

The record also shows that the court considered the children's interaction with Lorna, and heard testimony from Lorna's live-in companion about his relationship with the children.

The court considered the children's mental and physical health, and the physical abuse or threat of physical abuse against

7

them. The court found that when one of the daughters was a small child, Lorna had chased her with a lighter and set her pajamas on fire. In addition, the court found that on another occasion, Lorna had thrown one of the twins across a bed and onto the floor.

The court found that most of the children had problems that related to Lorna's lack of control or discipline over them. The oldest boy had been in trouble with authorities in Havre. One of the twins fell from a building and required medical care. He also had been sent to the principal's office numerous times during the past school year for behavioral problems. The other twin had fallen and suffered a broken arm. The court found that when the twins visit Clem, Lorna has sent cotton balls and strips of her bathrobe soaked in her perfume as a reminder of her to the twins. The court found that the children were not adequately supervised by Lorna. In contrast, the court found no indication that visitation with Clem endangered the children's physical, mental, moral, or emotional health.

The court was not required to preserve the family as a unit. The court found that the children had family connections in both towns. The court weighed each child's expressed desire of where to live. The record shows that although the children desired to stay together, they also differed in where they preferred to live.

Finally, Lorna argues that the court failed to maximize finality to assure continuity and stability for the children. (citing Ferguson, 805 P.2d at 1337). The court made its order on August 30, 1993, modifying custody of the boys to Clem in Poplar.

8

On September 1, 1993, the boys had been in school only several days when Clem obtained custody of them, and transferred them to Poplar. Lorna claims that the three boys were in a stable and nurturing environment from which they were uprooted. She asserts that the three boys were forced to make new friends and go to a new school, and be separated from their sisters.

In Ferguson, 805 P.2d at 1337, we stated that "[o]ne of the goals of the Uniform Marriage and Divorce Act as enacted in Montana, is to assure continuity and stability for the child." The record shows that the oldest boy previously had attended school in Poplar. In addition, the family already had practiced a visitation schedule where the boys attended most of the school year in Havre, but lived with their father on the farm during the summer months. Finally, the boys have family connections in both Poplar and Havre. The court did not fail to assure continuity for the children by making its final order at a time after which the children had already begun school--requiring them to relocate after the start of the school year. The children had been in school at Havre for only several days.

The court heard sufficient evidence and made sufficient findings to conclude that primary physical custody of the three youngest children to Clem was in the children's best interests, pursuant to § 40-4-212, MCA.

We hold that the District Court did not abuse its discretion when it modified primary physical custody of the parties' three youngest children.

9

Did the District Court err when it adopted Clem's proposed findings of fact, conclusions of law, and order verbatim?

Lorna asserts that the District Court could not adopt Clem's proposed findings of fact, conclusions of law, and order because they were not supported by the evidence and the court did not exercise independent judgment.

Recently, we confirmed that a trial court's verbatim adoption of a parties' proposed findings of fact, conclusions of law, and order is proper "where they are comprehensive and detailed and supported by the evidence." In re Marriage of Boyer (Mont. 1993), 862 P.2d 384, 387, 50 St. Rep. 1277, 1279. Clem's findings and conclusions were comprehensive and detailed. In addition, they were supported by the evidence, as detailed in the discussion of the first issue.

We will give due regard to the District Court's opportunity to judge the credibility of the witnesses and weigh the children's statements, as well as the testimony of Clem, Lorna, and the other witnesses. Rule 52(c), M.R.Civ.P. The District Court heard substantial evidence on each statutory factor of § 40-4-212, MCA, sufficient to adopt Clem's proposed findings of fact and conclusions of law.

We hold that the evidence supports the court's findings and conclusions and the District Court did not err when it adopted Clem's proposed findings of fact, conclusions of law, and order verbatim.

## ISSUE 3

Did the District Court err when it denied Lorna's motion to change venue?

Lorna contends that the court's denial of her motion to change venue caused financial and logistical hardships for herself, her children, and several witnesses, when they were forced to travel over 200 miles to Wolf Point for the hearing. At the time of the hearing, Lorna was attending college in Havre and partially supported the children on AFDC. She asserts that she did not have sufficient funds to support the trip with the children to Wolf Point. In contrast, she asserts that Clem had sufficient means to make the trip to Havre.

Lorna relies on § 25-2-201(3), MCA, which provides:

The court or judge must, on motion, change the place of trial in the following cases:

. . . .
(3) when the convenience of witnesses and the ends of justice would be promoted by the change.

We have said that § 25-2-201(3), MCA, grants the district court wide discretion, and we will not disturb the court's decision absent a clear abuse of that discretion. Montana Wholesale Accounts v. Penington (1988), 233 Mont. 72, 74, 758 P.2d 759, 760. In addition, we long have held "that on motion for change of venue for convenience of witnesses if the evidence is about evenly balanced, it is not an abuse of discretion for the trial judge to go one way and deny the motion." Brown v. First Fed. Sav. & Loan Ass'n (1964), 144 Mont. 149, 156, 394 P.2d 1017, 1021.

11

The court denied Lorna's motion for change of venue based on the following factors:

1. The parties were residents of Roosevelt County, Montana at the time of the dissolution herein.

2. The Respondent [Clem] is still a resident of Roosevelt County, Montana while Petitioner [Lorna] is a student at Northern Montana College in Havre, Montana.

3. The issues pending before this court relate primarily to the Respondent's future contact with his children and therefore it appears that the relevant factual concerns relate more closely to Roosevelt County, Montana than to Hill County, Montana.

The record shows that the children had friends and family connections in both Poplar and Havre. Each party had about the same number of witnesses testifying at the hearing.

We do not find a clear abuse of the court's discretion. Instead, the evidence was about evenly balanced that each party would be inconvenienced by traveling to the other county. The court focused on the reason for the hearing, which involved Clem's future contact with the children.

We hold that the District Court did not err when it denied Lorna's motion to change venue.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

12

Karla M. Gray

Justices

August 16, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Patricia Jensen, Esq.
Rice Law Office
P.O. Box 912
Havre, MT  59501-0912

Laura Christoffersen, Esq.
Christoffersen & Knierim, P. C.
P.O. Box 997
Wolf Point, MT  59201

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy