FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0619

DA 14-0619

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 168

PAT WAGMAN,

      Plaintiff and Appellant,

  v.

JONATHAN MOTL, Montana
Commissioner of Political Practices,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 2014-53
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Arthur V. Wittich, Michael L. Rabb, Wittich Ogburn, P.C.;
Bozeman, Montana

      For Appellee:

            Jonathan Motl, Jaime MacNaughton, Commissioner of Political Practices;
Helena, Montana

            Submitted on Briefs:  April 29, 2015
                           Decided:  June 23, 2015

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pat Wagman appeals from the order of the Sixth Judicial District Court, Park County, transferring his declaratory judgment action to Lewis and Clark County. We affirm in part and reverse in part, addressing the following issue on appeal:

¶2 *Did the District Court err by transferring Wagman's declaratory judgment action to Lewis and Clark County?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Wagman was a candidate in 2010 for the State Senate in Senate District 31, which included all of Park County and most of Sweet Grass County. Following an investigation of alleged violations of campaign practice and finance laws during that campaign, the Commissioner of Political Practices (Motl) filed a civil enforcement action against Wagman in the Lewis and Clark County District Court (Enforcement Action). Prior to initiation of the Enforcement Action, Motl notified the county attorney of Lewis and Clark County of his sufficiency finding, providing an opportunity for the county attorney to prosecute the matter. However, that office declined prosecution, so Motl's office initiated the action.

¶4 Wagman initiated a declaratory judgment action (Declaratory Action) in the Sixth Judicial District Court, Park County, raising issues similar to those raised in the Enforcement Action. Wagman also filed a motion to dismiss the Enforcement Action for lack of subject matter jurisdiction, which was denied by the First Judicial District Court. The Park County Attorney filed a motion to intervene in both actions, arguing that "Defendant Motl's referral of his sufficiency findings to the Lewis and Clark County

2

Attorney is contrary to statute, which mandates that he refer his sufficiency finding to the Park County Attorney's Office for investigation, review, and potential determination of liability by a jury of Plaintiff Wagman's peers. . . . Commissioner Motl has alleged attribution deficiencies, illegal corporate contributions, coordination and record keeping failures, all of which occurred in Park County." Motl answered the Declaratory Action and opposed the Park County Attorney's motions to intervene.

¶5 In the Enforcement Action, the First Judicial District Court denied the Park County Attorney's motion to intervene.[1] In the Declaratory Action, the Sixth Judicial District Court granted the motion to intervene. On June 23, 2014, Motl filed a Motion for Summary Judgment or in the Alternative a Motion to Transfer the Declaratory Judgment Action from Park County to Lewis and Clark County pursuant to M. R. Civ. P. 42 (a)(2), which permits a court to consolidate "actions before the court involv[ing] a common question of law or fact. . . ." Following Wagman's response to this motion, Motl filed a reply brief in support of summary judgment but withdrew the motion to transfer. Nonetheless, on September 15, 2014, the Sixth Judicial District Court ordered, *sua sponte*, that the case be transferred to Lewis and Clark County, reasoning that "it is appropriate that all related proceedings are heard in [Lewis and Clark] County. This is appropriate under the statutory framework governing these matters and serves the further purpose of judicial economy." The court transferred the case to "the Lewis and Clark

---

[1] The Enforcement Action is not before us here. Thus, we do not address the First Judicial District Court's denial of the Park County Attorney's motion to intervene.

3

County District Court, Department 2, the Honorable Jeffrey M. Sherlock presiding."

Wagman appeals.

## STANDARD OF REVIEW

¶6 A district court exercises its discretion when transferring venue from one proper county to another proper county for the convenience of witnesses and the ends of justice, and we will not disturb such a decision absent an abuse of discretion. *In re Marriage of Lockman*, 266 Mont. 194, 201, 879 P.2d 710, 715 (1994).

## DISCUSSION

¶7 *Did the District Court err by transferring Wagman's declaratory judgment action to Lewis and Clark County?*

¶8 Wagman argues that the Sixth Judicial District Court lacked authority to transfer venue in this matter under the venue statutes or to otherwise effectuate a consolidation under M. R. Civ. P. 42(a) because "[a] court may not consolidate two matters that are pending in different judicial districts," citing *Yellowstone County v. Drew*, 2007 MT 130, ¶ 16, 337 Mont. 346, 160 P.3d 557 ("the Thirteenth Judicial District Court was not authorized to consolidate the County's Petition for Judicial Review filed in Yellowstone County with Drew's Petition for Judicial Review filed in Lewis and Clark County").

¶9 Section 25-2-201, MCA, provides that "[t]he court or judge must, on motion, change the place of trial in the following cases:

(1) when the county designated in the complaint is not the proper county;
(2) when there is reason to believe that an impartial trial cannot be had therein;
(3) when the convenience of witnesses and the ends of justice would be promoted by the change.

4

Section 25-2-113, MCA, clarifies that the statutory designation of a proper county "does not affect the power of a court to change the place of trial for the reasons stated in 25-2-201(2) or (3) . . . ."

¶10 In its order, the District Court did not expressly state whether the transfer was ordered pursuant to M. R. Civ. P. 42(a), as cited by Motl, or its statutory authority under § 25-2-201, MCA. Wagman correctly notes that most of the court's order is a determination that Lewis and Clark County is the proper county for this action because the reporting violations at issue occurred there, a conclusion with which Wagman disagrees. The court also briefly stated that, alternatively, it was entering the order to serve "the further purpose of judicial economy" and that, because Motl had withdrawn his motion to transfer, the order was being entered *sua sponte*.

¶11 Wagman argues that venue could not be changed on the ground that Park County was not the proper county, pursuant to § 25-2-201(1), MCA, because Motl waived a change of venue by filing other pleadings prior to requesting a change and that, in any event, Motl withdrew the request for transfer. Wagman argues that the District Court could have acted *sua sponte* only on the grounds under § 25-2-201(2)-(3), MCA, but that the court's alternatively stated rationale of furthering the "purpose of judicial economy" was not adequately developed or stated in the order.

¶12 Motl argues the motion to transfer, regardless of the authority cited, was predicated on the principle that the relief sought in the Park County Declaratory Action was duplicative of the relief available to Wagman in the Lewis and Clark County

5

Enforcement Action. Motl points out we have held that the purpose of declaratory relief is to "liquidate uncertainties and controversies which might result in future litigation and to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined" and not to "provide a substitute for other regular actions." *In re Dewar*, 169 Mont. 437, 444, 548 P.2d 149, 153-54 (1976). Motl argues that, because Wagman had an adequate remedy within the Enforcement Action and declaratory judgment powers are not to be invoked where adequate remedies are already available, the transfer was proper on grounds of judicial economy, as cited by the District Court.

¶13 Section 25-2-201(3), MCA, states that venue must be changed if "the convenience of witnesses and *the ends of justice* would be promoted by the change." (Emphasis added). As we held in *Nutter v. Permian Corp.*, 224 Mont. 72, 74-75, 727 P.2d 1338, 1340 (1986), "[t]he possibility of conflicting results, multiple actions, and duplicate trials meets the statutory qualification of Section 25-2-201(3), MCA, for the convenience of witnesses and the promotion of the ends of justice." By the time the District Court transferred the case to Lewis and Clark County, Wagman had raised and received a ruling on the interpretation of § 13-37-124, MCA, governing the county attorney referral process, which he sought to challenge in the Declaratory Action. Thus, as to Wagman, the Declaratory Action in Park County was duplicative.[2] Although the District Court's

---

[2] Wagman argues that the action was not duplicative as to the Park County Attorney, whose motion to intervene was denied in the Enforcement Action. However, Wagman does not have standing to argue on behalf of the Park County Attorney. The status of the Park County Attorney within the transferred Declaratory Action, given the granting of that office's motion to intervene prior to the transfer, will be a matter for resolution by the First Judicial District Court, and is not before us here.

6

order did not primarily focus on judicial economy, this was an appropriate basis on which to transfer the matter under § 25-2-201(3), MCA. We do not address here the merits of the Park County District Court's interpretation of § 13-37-124, MCA.

¶14 However, Wagman correctly argues that the District Court's transfer of the action to a specific department and judge within the First Judicial District was improper. These aspects of the order appear to be an attempt at consolidation, which the District Court was not empowered to do. *Drew*, ¶ 16. Accordingly, we reverse that portion of the order, leaving the transfer as only to Lewis and Clark County. Issues of consolidation lie with the district court judges of the First Judicial District.

¶15 Affirmed in part and reversed in part.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON

7