FILED

06/13/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0518

DA 16-0518

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 141

JONATHAN HARRINGTON,

      Plaintiff and Appellant,

  v.

ENERGY WEST, INC., and DOES 1-4,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. DDV 13-159(c)
                Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

      For Appellees:

            Oliver H. Goe, Christy S. McCann, Browning, Kaleczyc, Berry & Hoven,
            P.C., Helena, Montana

                    Submitted on Briefs:  April 26, 2017

                              Decided:  June 13, 2017

Filed:

_____
                     Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Jonathan Harrington asserted several employment-related claims against Energy West Inc. Following our remand in *Harrington v. Energy West, Inc.*, 2015 MT 233, 380 Mont. 298, 356 P.3d 441 (hereafter *Harrington I*), the District Court denied Harrington's motion to amend his complaint and granted Energy West's motion to dismiss based on the doctrine of forum non conveniens. Harrington contends that the District Court abused its discretion in denying him leave to amend his complaint and that it incorrectly dismissed the case under forum non conveniens.

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Energy West is a Montana corporation and a corporate subsidiary of Gas Natural, Inc.—an Ohio corporation with corporate offices in Ohio and Montana. As we noted in *Harrington I*, it is unclear whether Energy West or Gas Natural hired Harrington as a corporate controller in February 2011. Nevertheless, the record establishes that Harrington entered into his employment agreement in Ohio; that the agreement was made between Harrington and Gas Natural employees; that Harrington resided and worked primarily in Ohio; that he provided services to Energy West from Gas Natural's Ohio office; and that Energy West issued Harrington's paychecks and paid Harrington's payroll taxes, withholdings, and insurance premiums to the State of Ohio.

¶4 In October 2012, Harrington's employment was terminated. Harrington filed suit against Energy West in Montana's Eighth Judicial District Court, alleging wrongful discharge under the Montana Wrongful Discharge from Employment Act, negligent

2

infliction of emotional distress, and defamation. Energy West moved under M. R. Civ. P. 12(b)(1) to dismiss for lack of subject-matter jurisdiction. The District Court granted the motion after hearing oral argument. The court determined that Ohio law governed and that it therefore lacked subject-matter jurisdiction, or, alternatively, that Ohio was the appropriate forum to exercise jurisdiction. Harrington appealed.

¶5 In *Harrington I*, we concluded that the District Court did not abuse its discretion by declining to hold an evidentiary hearing before granting Energy West's motion to dismiss. *Harrington I*, ¶ 11. In so doing, we noted that the "parties vigorously dispute whether Harrington's employer was Energy West or Gas Natural." *Harrington I*, ¶ 11. That dispute, we emphasized, was "not material to determinations bearing on the resolution of Energy West's motion" to dismiss. *Harrington I*, ¶ 11. We concluded that the material facts relevant to Energy West's motion "concern[ed] the place where Harrington entered into his employment agreement and performed his employment." *Harrington I*, ¶ 11. We noted that the parties did not dispute those material facts. *Harrington I*, ¶ 11.

¶6 Analyzing the issue of subject-matter jurisdiction, we first considered whether Montana or Ohio law governed Harrington's employment contract. *Harrington I*, ¶¶ 17-22. We confirmed that the record undisputedly established that "Harrington performed the majority of his duties in his Ohio office" and "that Harrington's employment agreement was made in Ohio between Harrington and Gas Natural employees." *Harrington I*, ¶ 21. We thus concluded pursuant to § 28-3-102, MCA, that the District Court "correctly determined that Ohio law governs Harrington's contract claims" and that

Harrington could not rely on Montana law for his wrongful termination claims. *Harrington I*, ¶¶ 21-22.

¶7    Notwithstanding application of Montana law, we concluded that Montana courts had subject-matter jurisdiction over Harrington's claim. *Harrington I*, ¶ 25. We then examined the District Court's alternative basis for dismissal, that Ohio was the appropriate forum for exercise of subject-matter jurisdiction. *Harrington I*, ¶¶ 26-29. This alternative basis, we deduced, "appear[ed] to refer to the doctrine of forum non conveniens." *Harrington I*, ¶ 26. We held:

> Based on the record on appeal, we cannot determine whether an alternative forum is available for Harrington's claims. Ohio seems the natural location for this litigation, but for an Ohio court to hear this case it would have to have personal jurisdiction over Energy West. The parties have not argued whether there are obstacles to jurisdiction in Ohio, but Energy West is a Montana corporation with its principal place of business in Montana, and Energy West has not stated whether it would consent to personal jurisdiction in Ohio. We will not resolve this question without the benefit of argument.
>
> Additionally, Harrington also has claims of negligent infliction of emotional distress and slander that may or may not rely on Montana law. The District Court would need to consider these claims as well in evaluating forum non conveniens. We thus conclude that we cannot resolve the issue of dismissal under the doctrine of forum non conveniens based on the record before us.

*Harrington I*, ¶¶ 28-29. Accordingly, "[w]e vacat[ed] the District Court's dismissal and remand[ed] for further proceedings to consider whether dismissal under the doctrine of forum non conveniens is appropriate." *Harrington I*, ¶ 30.

¶8    Upon remand, Harrington sought leave to file an amended complaint. Harrington's proposed amended complaint dropped his claims for wrongful discharge and negligent infliction of emotional distress. Harrington instead asserted claims for deceit, negligent

4

misrepresentation, constructive fraud, unjust enrichment, negligent slander, and punitive damages. Energy West opposed Harrington's motion. It also filed a motion to dismiss based on forum non conveniens.

¶9 The District Court held a hearing on the motions. During the hearing, Energy West consented to personal jurisdiction in Ohio. The court's subsequent order denied Harrington's motion to amend his complaint on the grounds that it would prejudice Energy West and that this Court had remanded for consideration of forum non conveniens. The court's order also granted Energy West's motion to dismiss under forum non conveniens. The District Court based its decision on its conclusion that the convenience of witnesses and interests of justice supported trying Harrington's original claims in Ohio. Harrington appeals.

## STANDARD OF REVIEW

¶10 We generally review a district court's denial of a motion to amend pleadings for an abuse of discretion. *Bardsley v. Pluger*, 2015 MT 301, ¶ 10, 381 Mont. 284, 358 P.3d 907. A district court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *Bardsley*, ¶ 10.

¶11 Section 25-2-201(3), MCA, which governs motions to change venue within Montana on the ground of convenience of witnesses and the ends of justice, reflects the principles of forum non conveniens. *San Diego Gas & Elec. Co. v. Ninth Judicial Dist. Ct.*, 2014 MT 191, ¶ 24, 375 Mont. 517, 329 P.3d 1264 (citing *State ex rel. Burlington N. R.R. v. Dist. Ct.*, 270 Mont. 146, 153, 155, 891 P.2d 493, 498-99 (1995); *Modroo v.*

5

*Nationwide Mut. Fire Ins. Co.*, 2008 MT 275, ¶ 70, 345 Mont. 262, 191 P.3d 389). We have held that "§ 25-2-201(3), MCA, grants the district court wide discretion, and we will not disturb the court's decision absent a clear abuse of that discretion." *In re Marriage of Lockman*, 266 Mont. 194, 201-02, 879 P.2d 710, 715 (1994); *accord Wagman v. Motl*, 2015 MT 168, ¶ 6, 379 Mont. 439, 352 P.3d 609 ("A district court exercises its discretion when transferring venue from one proper county to another proper county for the convenience of witnesses and the ends of justice [under § 25-2-201(3), MCA], and we will not disturb such a decision absent an abuse of discretion."). Because a forum non conveniens analysis turns on similar considerations, we review a district court's determination on a motion to dismiss under forum non conveniens for an abuse of discretion.

## DISCUSSION

¶12    *1. Whether the District Court abused its discretion in denying Harrington's motion to amend his complaint.*

¶13    The District Court explained that Harrington's proposed amended complaint dropped all but one of his previous legal theories and replaced them with five new theories. The court noted that the "common thread in the new theories is alleged misrepresentations to [Harrington] that he worked for Energy West." The court determined that Harrington's "new" theories "do not outweigh the prejudice to Energy West that would result from changing the legal basis of this case three years after it started and after Energy West prevailed on an important motion." In addition, the court explained, this Court remanded the case in *Harrington I* "for more analysis of the *forum non conveniens issue*, . . . not so

6

Mr. Harrington could experiment with different legal theories." The court concluded, "The combination of the prejudice to Energy West that would result from this untimely amendment and the fact that it diverges sharply from the Supreme Court's remand instructions overcomes the normal preference for free amendment of pleadings."

¶14 On appeal, Harrington argues that the District Court abused its discretion in denying his motion to amend his complaint. He first asserts that M. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given so long as the other party is not prejudiced. The amendment could not prejudice Energy West, Harrington maintains, because there was no scheduling order in place, the parties had conducted "only preliminary discovery," and Energy West had not yet filed an answer to the original complaint. Harrington asserts that we determined in *Harrington I* that Gas Natural—and not Energy West—was his employer. Thus, Harrington contends that "the elements of a cause of action for negligent misrepresentation" against Energy West did not arise until after our remand in *Harrington I*, when he first learned that Gas Natural was his employer.

¶15 M. R. Civ. P. 15(a)(2)'s preference that a court "freely" grant leave to amend "when justice so requires" "does not mean that a court must automatically grant a motion to amend." *Kershaw v. Mont. Dept. of Transp.*, 2011 MT 170, ¶ 25, 361 Mont. 215, 257 P.3d 358 (citation and internal quotations omitted). A district court does not abuse its discretion in denying a motion to amend "for an apparent reason such as . . . undue prejudice to the opposing party by allowance of the amendment." *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690. We have affirmed a district court's denial of a motion to amend "when the opposing party already had expended substantial

7

effort and expense in the course of the dispute that would be wasted if the moving party were allowed to proceed on a new legal theory." *Farmers Coop. Ass'n*, ¶ 14 (citation and internal quotations omitted). In making a determination on undue prejudice, a court must balance the prejudice suffered by the opposing party "against the sufficiency of the moving party's justification of the delay." *Farmers Coop. Ass'n*, ¶ 14 (citation omitted).

¶16 Contrary to Harrington's assertions, we did not conclude in *Harrington I* that Gas Natural employed Harrington. We observed that "the parties vigorously dispute whether Harrington's employer was Energy West or Gas Natural." *Harrington I*, ¶ 11. We concluded that the dispute was "not material to determinations bearing on the resolution of Energy West's motion." *Harrington I*, ¶ 11. As we explained later in the Opinion, where Harrington entered into his employment agreement and where he did his job were the facts material to determining whether Ohio or Montana law applied. *Harrington I*, ¶¶ 18-22. We concluded that Ohio law governed, not because we determined that Gas Natural employed Harrington, but because the record established that "Harrington performed the majority of his duties in his Ohio office" and that "Harrington's employment agreement was made in Ohio between Harrington and Gas Natural Employees." *Harrington I*, ¶ 21. Harrington's contentions that his negligent misrepresentation claims did not arise until after our remand in *Harrington I* do not establish that the District Court abused its discretion by refusing to allow him to amend the complaint.

¶17 As the District Court found, Harrington's proposed amended complaint dropped all but one of his original claims and asserted five completely new legal theories. Harrington sought to amend his complaint over two-and-a-half years after he filed his original

8

complaint. During that time, Energy West had argued successfully that Ohio law applied to Harrington's wrongful termination claims in his original complaint. We affirmed that conclusion. *Harrington I*, ¶ 22. By the time Harrington filed his motion to amend, Energy West "already had expended substantial effort and expense in the course of the dispute that would be wasted if [Harrington] were allowed to proceed on a new legal theory." *Farmers Coop. Ass'n*, ¶ 14.

¶18 Further, we remanded in *Harrington I* for the narrow purpose of considering "whether dismissal under the doctrine of forum non conveniens is appropriate." *Harrington I*, ¶ 30. As the District Court emphasized, we did not remand to give Harrington the chance to start over with all new theories. We said only that, in addition to the wrongful discharge claim, the "District Court would need to consider [Harrington's negligent infliction of emotional distress and slander] claims as well in evaluating forum non conveniens." *Harrington I*, ¶ 29.

¶19 The District Court did not act arbitrarily or exceed the bounds of reason in concluding that Harrington's amendment would prejudice Energy West and that the amendment would run counter to our remand instructions in *Harrington I*. Accordingly, the District Court did not abuse its discretion in denying Harrington's motion to amend.

¶20 *2. Whether the District Court abused its discretion in granting Energy West's motion to dismiss based on forum non conveniens.*

¶21 The District Court first addressed whether Ohio courts could exercise personal jurisdiction over Energy West. In so doing, the court noted that neither party "identified any Ohio-law obstacle to Ohio exercising personal jurisdiction over Energy West," that

personal jurisdiction may be waived by a defendant in Ohio, and that Energy West had "firmly committed" to waiving personal jurisdiction if Harrington brought suit in Ohio. The District Court therefore concluded that there were no obstacles to jurisdiction in Ohio.

¶22 The District Court began its forum non conveniens analysis by noting that a plaintiff's "choice of a forum should not be disturbed except for weighty reasons." (Quoting *Harrington I*, ¶ 27.) Relying on *San Diego Gas & Elec. Co.*, the court affirmed that § 25-2-201(3), MCA, reflects the principles of forum non conveniens. "That statute," the court explained, "requires changing the place of trial when 'the convenience of witnesses and the ends of justice could be promoted by the change.'" (Quoting § 25-2-201(3), MCA.) The court then proceeded to analyze whether forum non conveniens justified dismissing Harrington's claims of negligent infliction of emotional distress and slander.

¶23 The District Court noted that Harrington's claim for negligent infliction of emotional distress, "by its own terms," alleged that Energy West inflicted emotional distress "in its handling of [Harrington's] employment discharge." The court emphasized that Harrington performed the majority of his duties in Ohio and that his office and his supervisor were located in Ohio. Further, the court went on, Harrington "necessarily experienced or suffered the alleged emotional distress in Ohio, where he was living and working, and where he was physically located when he learned of his discharge . . . . Thus the people who allegedly inflicted the emotional distress, together with the people who know of its alleged extent, are in Ohio."

¶24 The District Court summarized Harrington's slander claim as follows: "In effect, [Harrington] argues that the allegedly unauthorized use of his name on post-discharge SEC filings that later became controversial defames him." The court found that the damages Harrington asserted "result either from Gas Natural stamping his name on reports Gas Natural was submitting to the SEC on behalf of its wholly-owned subsidiary Energy West or, alternatively, Gas Natural *permitting* its wholly-owned subsidiary Energy West to continue stamping or printing Mr. Harrington's name on those filings." "Either way," the court continued, "the culpability—if any—and the knowledgeable witnesses are at Gas Natural headquarters in Mentor, Ohio."

¶25 The court stated that the following factors supported a conclusion that "the convenience of witnesses and interests of justice" necessitated trying Harrington's claims in Ohio:

- The Montana Supreme Court has already determined that Ohio law governs, *Harrington [I]*, ¶ 21, and Ohio courts are far better suited than this Court to identify and apply Ohio law;

- Mr. Harrington's employment ended in Ohio;

- Mr. Harrington and the individual responsible for his termination reside in Ohio;

- Gas Natural's records are largely if not exclusively located in Ohio;

- Most of the witnesses who know about Mr. Harrington's discharge, the infliction of the alleged emotional distress, the extent of the alleged emotional distress, and how Mr. Harrington's signature came to be associated with the disputed SEC filings are in Ohio;

- To the limited extent any potential witnesses are in Montana, M. R. Civ. P. 28(c) provides a straightforward process pursuant to which the

11

> Montana clerk of court will issue a Montana deposition subpoena upon the presentation of an appropriate subpoena from the Ohio courts; and
>
> - Montana jurors should not be burdened with a case based on Ohio law and conduct that occurred in Ohio.

The court noted that the "scant few facts Mr. Harrington might try to prove through Montana witnesses or Montana documents simply do not outweigh the fact that the center of gravity of Mr. Harrington's employment relationship was in Ohio rather than Montana."

¶26 Harrington does not directly address the District Court's analysis of forum non conveniens. Instead, Harrington contends that the court failed to analyze whether his negligent infliction of emotional distress and slander claims relied on Montana law pursuant to his reading of our remand in *Harrington I*. Harrington asserts that the District Court improperly relied on our conclusion in *Harrington I* that Ohio law governed his wrongful termination claims in concluding that his negligent infliction of emotional distress and slander claims belong in Ohio. Moreover, Harrington contends, the court erred by not holding an evidentiary hearing to determine whether records of his employment were located in Montana or Ohio. Finally, he argues that he "clearly set forth by affidavit the fact Montana employees were responsible and involved in each of the wrongful acts alleged" in his original complaint.

¶27 The common law doctrine of forum non conveniens "allows a court to resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *San Diego Gas & Elec. Co.*, ¶ 22 (citation and internal quotations omitted). Under the doctrine, a court may "dismiss a case when it believes that the action

may be more appropriately and justly tried elsewhere, including another state, taking into account the convenience of witnesses and the ends of justice." *Harrington I*, ¶ 26 (citations and internal quotations omitted). A district court is granted "wide discretion" in determining whether the convenience of witnesses and the ends of justice would be promoted by a change in venue. *In re Marriage of Lockman*, 226 Mont. at 201-02, 879 P.2d at 715.

¶28 Harrington's reliance on our reference in *Harrington I* to his negligent infliction of emotional distress and slander claims is misplaced. Although we acknowledged that Harrington's claims "may or may not rely on Montana law," we simply directed the District Court "to consider these claims . . . in evaluating forum non conveniens." *Harrington I*, ¶ 29. The District Court clearly did so.

¶29 We agree with the District Court that both of Harrington's claims relate to his discharge from employment—he claimed emotional distress due to his discharge, and his slander claim rested on post-discharge actions allegedly taken by Gas Natural. The record confirms the District Court's findings that Harrington's employment ended in Ohio, that both he and the person who terminated him reside in Ohio, that the witnesses who know about his discharge reside in Ohio, that the infliction of the alleged emotional distress occurred in Ohio, that the witnesses who know the extent of the alleged emotional distress reside in Ohio, and that the witnesses who know why his signature appeared on the disputed SEC filings are in Ohio. As the District Court concluded, "the center of gravity of Mr. Harrington's employment relationship was in Ohio rather than Montana." The District

Court also was correct in its observation that Harrington may depose any potential Montana witnesses pursuant to M. R. Civ. P. 28(c).

¶30     Given the facts and circumstances of this case, we conclude that the District Court did not abuse its discretion by determining that resolution of Harrington's claims in Ohio would promote the convenience of witnesses and the ends of justice.  Its decision to dismiss Harrington's complaint based on forum non conveniens is affirmed.

## CONCLUSION

¶31     We affirm the District Court's order denying Harrington's motion to amend and granting Energy West's motion to dismiss.


/S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA